John A. Yanchunis (*Pro Hac Vice*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
Tel.: (813) 223-5505
Fax: (813) 223-5402
jyanchunis@forthepeople.com
*Counsel for Plaintiff Miguel Rodriguez*

Douglas J. McNamara (*Pro Hac Vice*)
**COHEN MILSTEIN SELLERS & TOLL,**
**PLLC**
1100 New York Ave, 5th Floor
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax: (202) 408-4699
dmcnamara@cohenmilstein.com
*Counsel for Plaintiff David Lackey, James Martin,*
*and Patrice M. Perrier*

Amy Keller (*Pro Hac Vice forthcoming*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street
Sixth Floor
Chicago, Illinois 60602
Tel.: (312) 214-7900
*Counsel for Plaintiff David Lackey James*
*Martin, and Patrice M. Perrier*

Don Springmeyer, Esq. (NBN 1021)
**KEMP JONES, LLP**
3800 Howard Hughes Parkway, 17th Floor
Las Vegas, Nevada 89169
Tel: (702) 385-6000
Fax: (702) 385-6001
Email: d.springmeyer@kempjones.com
*Counsel for Plaintiff*

*(Additional Counsel Listed on Signature*
*Page)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: DATA BREACH SECURITY LITIGATION AGAINST CAESARS ENTERTAINMENT, INC.<br><br>This Document Relates To: All Actions | Master File No. 2:23-cv-01447-ART-BNW<br><br>**CONSOLIDATED CLASS ACTION**<br><br>**MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL** |

PLEASE TAKE NOTICE THAT Plaintiffs, through their counsel, move for an Order pursuant to Federal Rule of Civil Procedure 23(g)(3) appointing John A. Yanchunis, Douglas J. McNamara, and Amy Keller as Interim Class Counsel in the above-captioned action, and for appointment of a Plaintiffs Steering Committee.

The Motion is based on the following Memorandum of Points and Authorities, exhibits thereto, and any other such papers submitted to the Court before or at a hearing on the Motion.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Plaintiffs' counsel John A. Yanchunis, Douglas J. McNamara, and Amy Keller respectfully seek appointment by the Court to serve as Proposed Interim Class Counsel for the consolidated data breach cases against Defendant Caesar's Entertainment, Inc., ECF No. 21 ("Consolidated Cases"). The following individuals also seek appointment for roles on a Plaintiffs' Steering Committee:

**Plaintiffs' Steering Committee Chair:** Jeff Ostrow (Kopelowitz Ostrow Ferguson Weiselberg Gilbert)

**Plaintiffs' Steering Committee:** James Pizzirusso (Hausfeld LLP), Gerard Stranch (Stranch, Jennings & Garvey, PLLC), Gary M. Klinger (Milberg Coleman Bryson Phillips Grossman PLLC), Sabita J. Soneji (Tycko & Zavareei LLP), and Linda Nussbaum (Nussbaum Law Group, P.C.).

**Liaison Counsel**: Don Springmeyer (Kemp Jones)

Proposed Counsel all meet the requirements for interim lead counsel as set out by Fed. R. Civ. P. 23(g).

First, Proposed Counsel possess extensive knowledge of and significant experience with the applicable laws related to data breach litigation. They have litigated and resolved every one of the largest and most prominent data breaches in the country, and successfully demonstrated Article III standing, certified cases for class treatment, developed applicable damage models, and obtained appropriate injunctive relief programs.  Their experience and knowledge in this field is unmet.

Second, Proposed Counsel have diligently investigated and prosecuted this case to date. They have already retained prominent experts to assist them with prosecuting these cases. Proposed Counsel have also worked with the numerous exceptional attorneys who have also filed independent actions in this case and have earned the support of a majority of the cases and plaintiffs in the Consolidated Cases and those cases that are still pending consolidation. Of the five cases and six plaintiffs currently consolidated by this Court's October 26, 2023 Order, five plaintiffs in four of those

cases are represented by Proposed Counsel and support the appointment of Proposed Counsel and the proposed leadership structure.[1] Of the nine remaining related cases that are not yet consolidated, Proposed Counsel either represent the Plaintiffs or have the support of the Plaintiffs in all but three of those cases.[2] All told, of the 14 total cases, Plaintiffs in 10 of those cases support the appointment of Proposed Counsel and the proposed leadership structure. That structure is the product of a private ordering approach, which is the leading method of leadership formation.[3] To ensure the case is prosecuted efficiently, Proposed Counsel will also propose a time keeping protocol to ensure that only reasonable common benefit time is incurred on behalf of the class.

Third, Proposed Counsel have the resources and financial wherewithal to prosecute this case with the care that Plaintiffs and the putative class deserve. Hailing from renowned and national class action firms, Proposed Counsel collectively have over 1,000 attorneys with offices around the globe and are well situated to litigate this case against a well-financed Defendant represented by the largest defense firms.

---

[1] The cases currently consolidated before the Court are: *Rodriguez v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01447 (filed Sept.15, 2023); *Garcia v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01482 (filed Sept. 21, 2023); *Giuffre v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01483 (filed Sept. 21, 2023); *McNicholas, et al. v. Caesars Entertainment, Inc.*, Case No. 3:23-cv-00470 (filed Sept. 22, 2023); *Lackey v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01562 (filed Sept. 29, 2023). Of the consolidated cases, only the *McNicholas* plaintiffs do not support Proposed Counsel's appointment and proposed structure.

[2] The related cases not yet consolidated before the Court are: *Dwek v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01659 (removed Oct. 12, 2023); *Gill v. Caesars Entertainment, Inc.*, Case No. 3:23-cv-01656 (filed Oct. 12, 2023); *Elvidge v. Caesars Entertainment, Inc.*, Case No. 3:23-cv-01662 (filed Oct. 13, 2023); *Carrozzella v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01725 (filed Oct. 24, 2023); *Brewster v. Caesars Entertainment, Inc.*, Case No. 3:23-cv-00525 (filed Oct. 26, 2023); *McCusker v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01799 (filed Nov. 3, 2023); *Cherveny v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01818 (filed Nov. 6, 2023); *Katz v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01836 (filed Nov. 8, 2023); *Martin v. Caesars Entertainment, Inc.*, Case No. 2:23-cv-01865 (filed Nov. 13, 2023). Of the related, nonconsolidated, cases, only the *Dwek*, *Brewster,* and *McCusker* plaintiffs do not support Proposed Counsel's appointment and proposed structure.

[3] *See* Manual for Complex Litigation § 21.272 (4th ed. 2017) ("By far the most common [method] is the so-called 'private ordering' approach: The lawyers agree who should be lead class counsel and the court approves the selection after a review to ensure that the counsel selected is adequate to represent the class interests.").

For these reasons and those detailed further below, Proposed Counsel are best positioned to represent those consumers in these consolidated actions under Federal Rule of Civil Procedure 23(g).

## II.    BACKGROUND

Caesars Entertainment, Inc. ("Caesars") is a global hospitality and gaming company, with one of the largest collections of gaming establishments in the U.S., and a loyalty program of over 65 million members. *See Lackey* Compl. ¶¶ 3, 16. (ECF No. 1). On or about September 7, 2023, an unauthorized individual gained access to Caesars' data systems and stole the personally identifiable information ("PII") of Caesars' loyalty program members. *Id.* ¶¶ 21-27. The PII likely included customer names, addresses, phone numbers, email addresses, and dates of birth, as well as driver's license numbers, and Social Security numbers. *Id.* ¶ 25. Despite an obligation to protect its customers sensitive information, Caesars failed to protect Plaintiffs and Class Members' PII with reasonable data security safeguards—directly causing the data theft. *Id.* ¶¶ 8-10. Caesars has since reportedly paid the hackers approximately $15 million in ransom.

On September 15, 2023, Plaintiff Miguel Rodriquez (through his counsel, John Yanchunis and others) filed a putative class action complaint against Caesars, alleging negligence, negligence per se, unjust enrichment, breach of implied contract, and violations of California's Customer Records Act, Unfair Competition Law, and Consumer Legal Remedies Act. To date, eleven additional cases have been filed asserting similar claims against Caesars related to the same data breach, four of which are consolidated in this matter, with a motion to consolidate pending for the remaining cases. On October 26, 2023, the Court ordered that all leadership applications, pursuant to Rule 23(g)(3) be filed by November 15, 2023.

## III.    LEGAL STANDARD

"The court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). "Instances in which interim class counsel is appointed are those in which overlapping, duplicative, or competing

class suits are pending before a court, so that appointment of interim counsel is necessary to protect the interests of class members." *Paraggua v. LinkedIn Corp.*, 2012 WL 3763889, at *1 (N.D. Cal. Aug. 29, 2012) (internal citation omitted). The "designation of interim [class] counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation (Fourth) § 21.11 (2004).

In determining whether counsel is suited for appointment, the Court must consider:

> (i) the work counsel has done in identifying or investigating potential claims in the action;
>
> (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
>
> (iii) counsel's knowledge of the applicable law; and
>
> (iv) the resources that counsel will commit to representing the class[.]

Fed. R. Civ. P. 23(g)(1)(A); *see also Wright v. Jacob Transp., LLC.*, 2015 WL 3916001, at *3 (D. Nev. 2015) (internal citation omitted) (applying these factors to appointment of interim counsel). The Court may also "consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B); *see also* Fed. R. Civ. P. 23(g)(4).

## IV.     ARGUMENT

All counsel seeking appointment here satisfy each of the factors enumerated by Rule 23(g) and should be appointed as Interim Co-Lead Counsel, Plaintiffs' Steering Committee, and Liaison Counsel.

### A.     Proposed Counsel Have Thoroughly Identified and Investigated the Claims

While no one factor under Federal Rule of Civil Procedure 23(g)(1) "should necessarily be determinative," Advisory Committee Notes (2003), the investigative and analytical efforts of counsel can be a deciding factor:

> In a case with a plaintiff class, the process of drafting the complaint requires some investigatory and analytical effort, tasks that strangers to the action most likely will not have undertaken. *All other things being equal, when an attorney has performed these or other investigative and analytical tasks before making the application for appointment, he or she is in a better position to represent the class fairly and adequately than attorneys who did not undertake those tasks.*

Moore's Federal Practice § 23.120(3)(a) (3d. ed. 2007) (emphasis added).

Proposed Counsel have all filed Complaints in the consolidated cases in this matter. Mr. Yanchunis, as part of a team of attorneys, filed the first Complaint related to the Caesars' data breach and these cases were consolidated into his matter. *See Rodriguez* Compl. (ECF No. 1). Numerous additional and independent cases soon followed. Filing these Complaints required preliminary investigation and evaluation of the case, retentions by plaintiffs, and organization with co-counsel. It also required significant factual research on the breach itself; Caesars' practices with regard to collection and storage of customers' PII; Caesars' privacy and security representations to customers; Caesars' communications with data breach victims; FTC guidelines and Caesars' failure to follow them; cyber security trends, standards, and practices in the hotel industry; and harm the breach caused to Plaintiffs and the proposed class. Additionally, Proposed Counsel worked to marshal all the cases filed to date and coordinated on consolidation and early discussions regarding potential leadership in these matters.

These investigative and initial efforts represent a high standard of professionalism, dedication, and thoroughness, which have been marshaled to identify, develop, and demonstrate the claims alleged in the Consolidated Cases. These measures are precisely the type of work the Advisory Committee Notes to Rule 23 state that the Court should consider in appointing interim class counsel.

**B.    Proposed Counsel Have Extensive Experience and Knowledge in Class Actions of This Kind**

Proposed Counsel are well qualified to lead this litigation. Each attorney has extensive experience and knowledge in class actions and in data breach cases like this one, often serving as co-

6

lead counsel or on plaintiffs' steering committees in similar cases. Members of the team have served in leadership on and resolved the largest data breach cases to date including: *In re Equifax* (co-lead and PSC members) (settlement valued at over $1.5 billion); *In re T-Mobile* (co-lead and PSC members) ($500 million settlement), *In re Capital One* (co-lead) ($250 million settlement). The qualifications and experience of counsel are more detailed in the attached firm résumés, but in brief:

### 1. John A. Yanchunis, Morgan & Morgan (Résumé Ex. A).

Mr. Yanchunis leads Morgan & Morgan's class action group, a successful and highly regarded nationwide practice focusing on class actions and complex consumer litigation. Morgan & Morgan is one of the largest (if not the largest) plaintiffs-only law firms in the country, with over 900 lawyers offices in every state.

Mr. Yanchunis has been a trial lawyer for 42 years, a career that began after the completion of a two-year clerkship with United States District Judge Carl O. Bue (Southern District of Texas, now retired). He has efficiently and expeditiously led many privacy class action proceedings, holding leadership positions in, among many other cases, *In re: Capital One Consumer Data Security Breach Litigation*, No. 1:19-MD-2915-AJT (E.D. Va.) (Co-lead counsel, court approved $190,000,000.00 common fund settlement for approximately 100 million US residents); *In re The Home Depot, Inc. Consumer Data Security Data Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.) (co-lead counsel); *In re: Yahoo! Inc. Customer Data Security Breach Litigation*, No. 5:16-MD-02752-LHK (N.D. Cal.) (lead counsel); *In Re: Equifax, Inc. Customer Data Security Breach Litigation*, No. 1:17-md-2800-TWT (N.D. Ga.) (member of Plaintiffs' Steering Committee); *In re: U.S. Office of Personnel Management Data Security Breach Litigation*, No. 1:15-mc-01394-ABJ (D.C.) (member of Executive Committee); *Ortiz v. UCLA Health System*, No. BC589327 (Cal. Sup. Ct. Los Angeles Cnty.) (member of Executive Committee); *Diaz v. Intuit, Inc.*, No. 5:15-cv-1778-EJD (C.D. Cal) (class counsel); *Walters v. Kimpton Hotel & Restaurant*, No. 3:16-cv-05387-VC (N.D. Cal.) (lead counsel); *Torres v. Wendy's International, LLC*, No. 6:16-cv-210 (M.D. Fla.) (lead counsel); *Morrow*

*v. Quest Diagnostics, Inc.*, No. 2:17-cv-00948-CCC-JBC (D.N.J.) (lead counsel); *Beckett v. Aetna, Inc., et al.*, No. 2:17-cv-3864-JS (E.D. Penn.) (class counsel); *Orr v. Inter-Continental Hotels Group, PLC, et al.*, No. 1:17-cv-01622-MLB (N.D. Ga.) (class counsel); and *In re: Arby's Restaurant Group, Inc. Data Security Litigation*, Nos. 1:17-cv-514 and 1:17-cv-1035 (N.D. Ga.) (co-liaison counsel).

Mr. Yanchunis began work in privacy litigation in 1999 with the filing of *In re Doubleclick Inc. Privacy Litigation*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001), alleging privacy violations based on the placement of cookies on the hard drives of internet users. Beginning in 2003, he served as co-lead counsel in the prosecution and settlement of privacy class action cases involving more than 200 million consumers and brought against the world's largest data and information brokers, including Experian, R.L. Polk, Acxiom, and Reed Elsevier (which owns Lexis/Nexis). *See Fresco v. Automotive Directions, Inc.*, No. 03-61063-JEM (S.D. Fla.); *Fresco v. R.L. Polk & Co. et al.*, No. 07-cv-60695-JEM (S.D. Fla.).

Mr. Yanchunis was recognized in 2019 and 2020 by Law360 as an MVP in the area of Cybersecurity and Privacy. Similarly, in 2016 and then in 2020, Mr. Yanchunis was recognized by the National Law Journal as a Trailblazer in the Area of Cybersecurity & Data Privacy. In 2020, Mr. Yanchunis was named Florida Lawyer of the Year by the Daily Business Review, and in 2022, he was awarded the Best Mentor award in the state of Florida by the same publication. This year he was named Consumer Lawyer of the Year by The Florida Bar's Consumer Protection Committee and he was also recognized as a Titan of the Plaintiffs' Bar by Law360.

### 2. Douglas J. McNamara, Cohen Milstein (Résumé Ex. B)

Mr. McNamara is a partner at Cohen Milstein Sellers & Toll PLLC, where he has practiced consumer protection law for over two decades. The Cohen Milstein firm has earned recognition as a "class-action powerhouse" and one of "America's 25 Most Influential Law Firms." Its consumer protection group is "known for notching big wins for plaintiffs," and has been recognized as a Group of the Year by Law360 for several years running.

The firm has served in leadership positions in many data breach cases.[4] Mr. McNamara has led discovery efforts in many of these cases. He is also currently a co-lead counsel in *In re MGM Resorts International Data Breach Litigation*, No. 20-cv-376-JAD-NJK (D. Nev) ("In re MGM") a data breach exposing the personally identifiable identification of millions of guests; and on the steering committee in *In Re Blackbaud, Inc., Customer Data Security Breach Litigation*, Case No.: 3:20-mn-02972-JMC, MDL No. 2972 (D.S.C), a third-party breach of a financial management company that failed to protect their customers data. He served on the Plaintiffs' steering committee in *In re: Apple Inc. Device Performance Litigation*, No. 5:18-md-2827-EJD (N.D. Cal.). And he has worked on other complex litigations including *Khoday et al. v. Symantec Corp. et al*., Case No. 11-0180 (D. Minn.) ($60 million settlement for deceptive practices regarding "download insurance"); *Speerly et al. v. General Motors, LLC*, Case No. 2:19-cv-11044  (E.D. Mich.) (multistate class certification over defective transmissions); and *In re Caterpillar Inc. C13 and C15 Engine Products Liability Litigation*, Case No. 1:14-cv-03722,(D.N.J.) ($60 million settlement for defective emission systems). In appointing Mr. McNamara to co-lead in *In re MGM*, the court recognized that he and his fellow co-leads "have 'had leadership roles in virtually every major consumer data breach case litigated to date'" and "have the knowledge, experience, and resources required to litigate this case." *In re MGM*, ECF No. 93 (Order) (citations omitted).

Aside from his over two decades of experience litigating class actions, and his involvement in some of the country's largest data breach cases, Mr. McNamara has taught as an adjunct professor at George Washington University School of Law. He has published articles in Pace Law Review and

---

[4] *See e.g.*, *In re The Home Depot, Inc. Consumer Data Security Data Breach Litigation*, No. 1:14-md-02583-TWT (N.D. Ga.) (co-lead counsel); *In re Anthem, Inc. Data Breach Litigation,* No. 5:15-md-2617-LHK (N.D. Cal.) (co-lead counsel); *In Re: Equifax, Inc. Customer Data Security Breach Litigation,* No. 1:17-md-2800-TWT (N.D. Ga.) (Plaintiffs' Steering Committee); *Adkins v. Facebook, Inc.,* No. 3:18-cv-5982-WHA (N.D. Cal.) (co-lead counsel); and *In re: Marriott Int'l Customer Data Security Breach Litigation,* No. 8:19-md-2879-PWG (D. Md.) (co-lead counsel).

Law360 on class action issues,[5] and spoken at professional gatherings on class action practice. He a is a member of the Sedona Conference Working Group 11 regarding cybersecurity issues.

### 3. Amy E. Keller, Dicello Levitt LLP (Résumé Ex. C)

Ms. Keller is the managing partner of DiCello Levitt LLP's Chicago office, where she also chairs the firm's privacy, cybersecurity, and technology litigation practice, primarily focusing on data breach litigation and consumer protection. Although recognized as one of the "new faces" leading MDLs,[6] she has significant experience leading consumer and technology cases.

Since founding her firm's technology practice group in 2018, she has been appointed to lead six separate data breach MDLs. *In re Equifax, Inc. Customer Data Sec. Breach Litig.*, No. 17-md-02800, ECF No. 739-1 (N.D. Ga.) (securing the largest data breach settlement in history—as much as $505.5 million in cash relief and $1 billion in required security upgrades by the company); *In re Marriott International, Inc. Customer Data Sec. Breach Litig.*, No. 19-md-02879-PWG (D. Md.) (similar to Caesar's, data breach involving the PII of over 300 million guests); *In re Blackbaud, Inc. Customer Data Security Breach Litig.*, No. 20-mn-02972 (D.S.C) (data breach of a service provider and cloud-storage company for thousands of not-for-profit entities, schools, and hospitals across the country); *In re American Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, No. 19-md-02904 (MCA)(MAH) (D.N.J.) (representing consumers whose private medical information was compromised by a company that entered Chapter 11 bankruptcy protection); *Debt Cleanse Group Legal Services, LLC v. GoTo Technologies USA, Inc., et al.*, No. 22-cv-12047 (D. Mass.) (data breach

---

[5] *See, e.g.*, Douglas McNamara et al., *Reexamining the Seventh Amendment Argument Against Issue Certification*, 34 Pace L. Rev. 1041 (2014); Douglas McNamara, *When Conjoint Analysis Is Not Enough For A Damage Model* , Law360 (Dec. 11, 2019), https://www.law360.com/articles/1226744; Douglas McNamara, Carriuolo v. GM *and the Future of the Overcharge Theory*, Law360 (June 2, 2016), https://www.cohenmilstein.com/sites/default/files/media.9100.pdf.

[6] Amanda Bronstad, These are the new faces leading MDLs. And they aren't all men, *Law.com* (July 6, 2020), https://www.law.com/2020/07/06/there-are-new-faces-leading-mdls-and-they-arent-all-men/.

case against LastPass involving the theft of data "lockers" containing passwords); *Kolstedt v. TMX Finance Corporate Services, Inc., et al.*, No. 23-cv-00076 (S.D. Ga.) (data breach case involving automotive title loans with similar PII). The *Blackbaud* team was formed by Judge Childs with the goal of providing opportunities to MDL newcomers, women, and people of color, was heralded as the "most diverse leadership team ever."[7] Consistent with that approach, Ms. Keller is a member of our firm's Diversity, Equity, and Inclusion Committee, and works with her colleagues to recruit women and persons of color, and provide opportunities to law students from diverse backgrounds to clerk at her firm and gain paid experience working on class actions. She speaks and writes regularly about the importance of diversity,[8] and ensures that work in her cases are distributed to colleagues in an equitable way so that those who have less MDL experience can be an active part of the litigation. In 2022, she was named one of *Crain's* "40 Under 40" for her work promoting and advancing diversity in the practice of law.[9]

Ms. Keller is rated by *Chambers & Partners* for her work in cybersecurity litigation and is an elected member of the American Law Institute. She serves on the Steering Committee of the Sedona Conference's Working Group 11, which focuses on advancing the law on issues surrounding technology, privacy, artificial intelligence, and data security, and she is also on drafting teams for both Model Data Breach Notification Principles and Statutory Remedies and the California Consumer Privacy Act. In 2020 and 2021, she was named by *The National Law Journal* as one of the Elite

---

[7] Amanda Bronstad, MDL Judge Taps 'Most Diverse Leadership Team Ever' in Data Breach Class Action, *Law.com* (Mar. 3, 2021), https://www.law.com/nationallawjournal/2021/03/03/south-carolina-mdl-judge-taps-most-diverse-leadership-team-ever-in-data-breach-class-action.

[8] *See, e.g.*, Why providing younger attorneys, women, and persons of color with advancement opportunities makes good business sense, *Chicago Business Journal* (Dec. 15, 2020), https://www.bizjournals.com/chicago/news/2020/12/15/why-providing-younger-attorneys-women-and-person.html.

[9] Amy Keller, Crain's Chicago Business 40 Under Forty, Class of 2022, *available at* https://www.chicagobusiness.com/40-under-40/40-under-40-amy-keller.

Women in the Plaintiffs' Bar; and the practice group which she chairs has won Practice Group of the Year in 2020, 2021, and 2022 by *Law360* and in 2020 and 2022 by *The National Law Journal.* Amy is also recognized by Illinois Super Lawyers and was named a "trailblazer" by *The National Law Journal.*

#### 4. Proposed PSC members

Given the size of the breach and the intensive discovery and litigation that will, by necessity, take place in this case, the Court should appoint a small Plaintiffs' Steering Committee ("PSC") in addition to appointing Co-Lead Counsel. The PSC will work under and at the direction of the Co-Lead Counsel to ensure that the case runs smoothly and efficiently.

#### a. Jeff Ostrow (PSC Chair) (Résumé Ex. D)

Jeff Ostrow is the Managing Partner of Kopelowitz Ostrow P.A. and has been practicing law for 26 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys. Beyond managing the firm, Mr. Ostrow heads the class action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represent class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is regularly appointed lead counsel, co-lead counsel, liaison counsel, and class counsel in class actions in federal and state courts involving data privacy, cybersecurity, unlawful bank fees, antitrust, product liability, false advertising, insurance, and other consumer protection violations. For the past 13 years, Mr. Ostrow's firm has served as Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel in *In re Checking Acct. Overdraft Litig.*, No. 1:09-md-02036-JLK (S.D. Fla.), another large MDL that resulted in the recovery of $1.2 billion from the nation's largest banks, and as Liaison Counsel in *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-

md-2626-HES-JRK (M.D. Fla.), an antitrust class action with $85 million recovered to date.

Mr. Ostrow has extensive experience in data breach litigation with appointments to positions as Lead Counsel, Liaison Counsel, Executive Committee Member, and Class Counsel. Mr. Ostrow was recently appointed Lead Counsel in *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.) and Liaison Counsel in *Skurauskis v. NationsBenefits, LLC*, No. 2:23-cv-60830 (SD. Fla.), two of the largest data breach cases of 2023. He is also serving in a variety of other capacities in over 50 pending data breach class actions. Mr. Ostrow has worked cohesively with Proposed Interim Class Counsel in other cases, and is honored to support them here.

### b.  James Pizzirusso (Résumé Ex. E)

As a founding member of Hausfeld and chair of the firm's Data Breach and Privacy practice group, Mr. Pizzirusso has achieved national renown and success as one of the country's most preeminent cybersecurity and privacy attorneys. *Chambers and Partners* ranks the leading lawyers and law firms across the world. In 2023, it ranked Mr. Pizzirusso (for the third year in a row) as one of only *sixteen* attorneys in the country in "Privacy and Data Security: Litigation."[10]  Hausfeld is also the *only* Plaintiffs' firm in the country to receive a Band 1 ranking by *Chambers* in the category of Privacy & Data Security: Litigation, Nationwide. *The National Law Journal* also named Mr. Pizzirusso as one of its 2023 Class Action/Mass Tort Trailblazers for his work on data breach and privacy cases.[11] Most recently, Hausfeld was the only plaintiff's firm shortlisted for *The Financial Times'* "Innovative Lawyers in Cyber Security and Data Protection" award (winner to be announced in December).[12] Law360 also recognized Hausfeld as having a "2021 Practice Group of the Year" in

---

[10] Chambers & Partners, James J. Pizzirusso, https://chambers.com/lawyer/james-pizzirusso-usa-5:25411758.

[11]  *National    Law    Journal*    2023    Class    Action/Mass    Tort    Trailblazers, https://images.law.com/media/nationallawjournal/supplements/NLJTB_ClassActionLitigation_2023/index.html#p=6

[12] https://lawyersnorthamerica.live.ft.com/page/3310964/2023-shortlisted-organisations

Cybersecurity & Privacy. Additionally, in 2021, Mr. Pizzirusso was personally named as one of Law360's "Cybersecurity & Privacy MVPs." In 2020, *The National Law Journal* recognized Mr. Pizzirusso as a "Washington Trailblazer" for his role in data breach and privacy matters.[13] Similarly, in 2017 *The National Law Journal* named him a "Cybersecurity Trailblazer."[14]

Given his expertise with data breach class actions, numerous courts have appointed Mr. Pizzirusso to leadership positions in these types of cases and he has successfully overseen and collaborated with hundreds of lawyers working at his direction. He has served in leadership in some of the largest data breach cases in the country. These include: *In re T-Mobile Data Security Breach Litigation*, MDL No. 4:21-md-03019-BCW (W.D. Mo.) (Co-lead, $500 million settlement); *In re: Marriott International Inc., Customer Data Security Breach Litig.*, MDL No. 19-md-2879 (D. Md.) (Co-lead) (pending); *In re Equifax, Inc. Customer Data Security Breach Litig.* MDL No. 1:17-md-2800-TWT (N.D. Ga.) (Plaintiffs' Steering Committee and Settlement Committee, $500 million settlement with $1 billion in upgraded data security); *In re American Medical Collection Agency, Inc. Customer Data Security Breach Litig.*, MDL No. 19-md-2904 (D.N.J.) (Steering Committee, $6.3 million partial settlement currently pending); *In re Premera Blue Cross Customer Data Sec. Breach Litig.*, MDL No. 3:15-md-2633-SI (D. Or.) (Executive Leadership Committee, $74 million settlement); *In re Target Corporation Customer Data Security Breach Litig.*, MDL No. 14-25522 (D. Minn.) (Steering Committee on behalf of financial institutions, contested nationwide class certification granted, $60 million settlement approved); *First Choice Federal Credit Union v. Wendy's*, 2:16-cv-00506 (W.D. Pa.) (Plaintiffs' Executive Committee, $50 million settlement); *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, MDL No. 14-md-02583 (N.D. Ga.)

---

[13] *National Law Journal* 2020 Washington, D.C. Trailblazers, https://images.law.com/media/nationallawjournal/supplements/NLJTB_DC_2020/mobile/index.html (at p. 137).
[14] *National Law Journal* 2017 Cybersecurity and Data Privacy Trailblazers, https://images.law.com/media/nationallawjournal/supplements/NLJTB_CYBER_2017/mobile/index.html (at p. 52).

(Chair of PSC, ~$35 million settlement); *In re LastPass Data Security Incident Litig.*, 1:22-cv-12047-PBS (D. Mass.) (Co-Chair of PSC) (pending); *In Re: Overby-Seawell Company Customer Data Sec. Breach Litig.*, MDL No. 1:23-md-03056 (N.D. Ga.) (PSC) (pending); *Kolstedt v. TMX Fin. Corp. Serv., Inc.*, 4:23-cv-00076 (S.D. Ga.) (PSC) (pending); *In re Enzo Biochem Data Sec. Litig.*, 2;23-cv-04282 (E.D.N.Y.) (Co-Lead) (pending).

Aside from data breach and privacy cases, courts have also entrusted Mr. Pizzirusso with leadership positions in dozens of other class action matters, as well. Mr. Pizzirusso has also worked with his colleagues in the defense bar serving on the Steering Committee of Sedona Working Group 11 on Data Security and Privacy Liability, the mission of which is to identify and comment on trends in data security and privacy law and work collaboratively with plaintiff and defense counsel. He has also appeared as a panelist at numerous conferences and presented and written on topics including cybsersecurity, legal ethics, and consumer protection.

### c.   Sabita Soneji (Résumé Ex. F)

Ms. Soneji is a partner in the California office of Tycko & Zavareei LLP, where she focuses on complex consumer protection and qui tam litigation and serves as the Chair of the firm's Privacy and Data Breach Group. She is a seasoned litigator with over twenty years of experience.

Ms. Soneji has successfully led complex class actions and multidistrict litigation, including on behalf of consumer privacy and security. She served on the Executive Committee in *In re T-Mobile Customer Data Security Breach Litigation*, No. 4:21-MD-03019-BCW (W.D. Mo.), which involved claims resulting from one of the largest data breaches in history that compromised the personal data of tens of millions of consumers, and in which Ms. Soneji helped secure a historic settlement of $500 million including a cash fund of $350 million that received final approval in June 2023.  In February 2023, as co-lead counsel, she secured preliminary approval of a $37.5 million Common Fund against Meta Platforms, Inc. for tracking users' location without their consent. *Lundy v. Meta Platforms, Inc.*,

No. 3:18-cv-6793 (N.D. Cal.). In 2021, she was appointed co-lead counsel in *Lewis, et al. v. Idaho Central Credit Union*, No. CV01-20-03733 (Idaho 4th Dist. Ct., Ada Cnty.), a data breach class action in which she secured a $1.55 million common fund that resulted in hundreds of dollars awarded to each settlement class member. She currently serves on the Executive Committees of consolidated actions against Samsung and LastPass for harms stemming from their 2022 data breaches. Ms. Soneji was also deeply in other data privacy MDLs, including *In re Capital One Consumer Data Security Breach Litigation*, No. 1:19-md-2915 (E.D. Va.), in which she represented one of the lead plaintiffs and which resulted in a $190 million settlement that received final approval in 2022. Outside data privacy, Ms. Soneji was appointed to the Plaintiffs' Steering Committee in *In re Juul Labs Inc., Marketing, Sales Practices, and Products Liability Litigation*, No. 19-md-02913-WHO (N.D. Cal.), multidistrict litigation in which she developed and defended all RICO claims against a complicated web of corporate and individual defendants and served on the law and briefing and trial committees as bellwether trials began. She helped the class secure a $300 million settlement resolving claims against JLI and Altria.

Before joining the plaintiffs' bar, Ms. Soneji served for many years in the United States Department of Justice, where she led and managed complex consumer financial fraud cases, including developing innovative legal theories and forging creative resolutions. As a first generation Indian American, Ms. Soneji would bring diversity to the leadership team. That commitment to diversity is shared by her firm. Indeed, in recognition of Tycko & Zavareei LLP's leadership in diversity in the legal profession, the firm received the 2022 Diversity Initiative Award from *The National Law Journal*'s Elite Trial Lawyers recognition program.

### d.  Linda Nussbaum (Résumé Ex. G)

Linda Nussbaum is the founder and managing director of the Nussbaum Law Group, P.C.  She is nationally recognized for her representation of plaintiffs in antitrust, data breach, and

pharmaceutical litigation for over 40 years. She has served as sole or co-lead counsel in well-over 30 class actions, in jurisdictions throughout the U.S., including many significant class actions which have resulted in substantial recoveries, many in the realm of hundreds of millions of dollars.

In the data breach class action field, as one of the two co-lead counsel in *In re Morgan Stanley Data Security Litigation* (S.D.N.Y.), Ms. Nussbaum recently led the effort to secure a $60 million non-reversionary cash fund and additional settlement benefits valued at over $8 million for 15 million class members. Ms. Nussbaum has extensive up-to-the-moment experience in the unique factual and legal developments, defenses and issues surrounding data breach. In *In re American Medical Collection Agency, Inc., Customer Data Security Breach Litigation, MDL 2904* (D.N.J.), Ms. Nussbaum serves as co-lead counsel of the LabCorp Track on behalf of a putative class of over 10 million LabCorp patients. Ms. Nussbaum served as Co-Lead Counsel for the Class in *Nanette Katz, et al. v. Einstein Healthcare Network*, Class Action Case ID No. 21040204, Philadelphia Court of Common Pleas, First Judicial District of Pennsylvania. Ms. Nussbaum is also one of the lead counsel in *In re CentraState Healthcare Data Security Incident Litigation* and on the executive committee in *In re Independent Living Systems Data Breach Litigation*.

Ms. Nussbaum was selected "Litigator of the Week" by the AMLAW LITIGATION DAILY for her lead trial counsel role in *Kaiser Foundation Health Plan, Inc. and Kaiser Foundation Hospitals v. Pfizer*, *Inc.* (D. Mass) where, following six years of litigation, after a six-week trial in Boston, a jury returned a RICO verdict for her clients. Following the trial, Judge Patti Saris commented that: "[this was] a fabulous trial[.] [I]t's the kind of thing that you become a judge to sit on." Recently, Judge Paul A. Engelmayer in approving the settlement and fee *in In re Zinc Antitrust Litigation*, 14 Civ. 3728 complimented Ms. Nussbaum and her co-lead counsel stating: "I have been truly impressed by counsel's work in the case. I wish the caliber of lawyering in this case was the model for all cases before me."

17

### e. Gary Klinger (Résumé Ex. H)

Gary M. Klinger is a Partner at Milberg and Chair of its Cybersecurity and Data Privacy Practice Group. Mr. Klinger is recognized as one of the most respected data privacy attorneys in the United States, having been selected in September 2023 to Lawdragon's 500 Leading Litigators in America for his accomplishments in privacy litigation.[15] He has extensive experience serving as leadership in numerous privacy class actions, including as lead or co-lead counsel in the largest data breaches in the country.[16] Mr. Klinger and his firm have played a substantial role in developing the favorable case law that many plaintiffs rely on in the data breach space.[17] Over just the past 3 years, Mr. Klinger has settled on a classwide basis more than forty (40) class actions involving privacy violations, the majority of which are data breaches, in State and federal courts across the country as lead or co-lead counsel.[18] To his knowledge, no other attorney in the country has settled and won court approval of more data breach and data privacy class actions during this time period. Representative cases include, *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger serves as lead counsel and obtained a settlement of

---

[15] *See* https://www.lawdragon.com/guides/2023-09-08-the-2024-lawdragon-500-leading-litigators-in-america.

[16] *See In re Meta Browser Tracking Litigation*, Case No. 3:22-cv-05267-AMO (N.D. Cal.) (where Mr. Klinger is court-appointed co-lead counsel to tens of millions of consumers in a privacy class action against Facebook); *Morrill v. Lakeview Loan Servicing, LLC*, Case No. 1:22-cv-20955-DPG (S.D. Fla.) (where Mr. Klinger is appointed to the leadership committee in a data breach class action involving 6 million consumers); *Sherwood v. Horizon Actuarial Services, LLC*, Case No. 1:22-cv-01495-ELR (N.D. Ga.) (where Mr. Klinger is court-appointed co-lead counsel in a data breach class action involving 4 million consumers).

[17] *See e.g., Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig.*, 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re Blackbaud, Inc., Customer Data Breach Litig.*, No. 3:20-MN-02972-JMC, 2021 WL 2718439, at *1 (D.S.C. July 1, 2021) (Milberg attorneys, together with Ms. Keller, defeated a standing challenge in a 10 million person data breach case).

[18] Mr. Klinger has also successfully litigated privacy class actions through class certification. See *Karpilovsky v. All Web Leads, Inc.*, No. 17 C 1307, 2018 WL 3108884, at *1 (N.D. Ill. 2018) (where Mr. Klinger certified, over objection, a nationwide privacy class action involving more than one million class members; the case ultimately settled for $6.5 million).

$68.5 million for 4 million consumers in a privacy class action); *Boone v. Snap, Inc.*, Case No. 2022LA000708 (18th Cir. DuPage Cty., Ill.) (where Mr. Klinger served as lead counsel and obtained a settlement of $35 million for 3 million consumers in a privacy class action); and *Carrera Aguallo v. Kemper Corp.*, Case No. 1:21-cv-01883 (N.D. Ill. Oct. 27, 2021) (where Mr. Klinger served as lead counsel in a data breach class action involving 6 million consumers and reached a settlement valued at $17 million).

In addition to his professional experience, Mr. Klinger is a Certified Information Privacy Professional (CIPP/US).

### f. *J. Gerard Stranch (Résumé Ex. I)*

J. Gerard Stranch, IV ("Mr. Stranch") is the managing partner of Stranch, Jennings & Garvey, PLLC ("SJ&G") and runs the firms Class Action, Mass Tort and Complex litigation group. Mr. Stranch has a national practice, with extensive experience across the country, facilitated by SJG's 24 attorneys and offices not only in Las Vegas, but in Nashville, Tennessee, and St. Louis, Missouri. Mr. Stranch has extensive experience in organizing and managing complicated litigation on a national scale. Mr. Stranch was the lead trial attorney for the *Sullivan Baby Doe* opioids case against Endo Health Solutions and Endo Pharmaceuticals, Inc., (originally *Staubus v. Purdue Pharma LP*, No. 2:17-CV-122 (E.D. Tenn.) which resulted in a default judgment against Endo for discovery violations and settled once the jury selection process had begun for the largest per capita payout by Endo in any opioids case by many multiples. For this work, Mr. Stranch and his opioids team were awarded the "Tennessee Trial Lawyer of the Year" award. Mr. Stranch was appointed to serve on the steering committees of *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability* (No. 15-MD-02672, N.D. Cal.) resulting in approximately $17 billion in settlements.[19]

---

[19] In addition, in *In re: New England Compounding Pharmacy, Inc.,* (MDL No. 13-02419-RWZ, D. Mass.) (Dkt. No 82), Mr. Stranch was appointed to the executive committee and in charge of all

Mr. Stranch has been lead or co-lead counsel in numerous lawsuits regarding privacy and data breach claims, like the instant case and has obtained highly-favorable results. *See*, e.g., *McKenzie, et al. v. Allconnect, Inc*., No. 5:18-cv-00359-JMH (E.D. Ky) (data breach class action settlement providing $100 *direct cash payments* to every single class member without the need for any claim form submission); *In re CorrectCare Data Breach Litigation*, Case No. 5: 22-319-DCR (E.D. Ky.); *Carr v. South County Health Alliance,* Case No. 74-CV-21-632 (Steele Cnty., Minn. Dist Ct.) (final settlement granted November 6, 2023); *Goodlett v. Brown-Forman,* Case No. 20-CI-005631 (Jefferson Cnty. Ky. Cir. Ct.); *Slos v. Select Health Network*, No. 71D05-2022-PL-000060 (St. Joseph Super. Ct. Aug. 5, 2021); *Jones v. Methodist Hospital, Inc*., No. 45C01-1911-CT-001201 (Lake Cnty. Super. Ct.); *Joyner v. Behavioral Health Network, Inc.,* No. 2079CV00629 (Mass. Super. Ct.); *Baldwin v. Nat'l W. Life Ins. Co.,* No. 2:21-cv-04066-WJE (W.D. Mo.); *In re BJC Healthcare Data Breach Litig*., No. 2022-CC09492 (Mo. Cir. Ct.); *Marshall v. Conway Reg. Med. Ctr., Inc.,* No. 23CV-20-771 (Ark. Cir. Ct.); *Crawford v. thyssenkrupp Materials NA, Inc.,* No. 2122-CC00411 (Mo. Cir. Ct.) (same); *Carr v. Beaumont Health,* No. 2020-181002- NZ (Mich. Cir. Ct.); *Goetz v. Benefit Recovery Specialists, Inc.,* No. 2020CV000550 (Wis. Cir. Ct.).

Mr. Stranch was appointed interim co-lead counsel in *In re CorrectCare Data Breach Litigation*, Case No. 5:22-319-DCR (Feb. 22, 2023) (Dkt. No. 33); and was appointed Co-Lead Interim Class Counsel in Kentucky state court in *Abby Berthold, et al. v. Norton Healthcare, Inc., et al.,* Jefferson Circuit Court, Case No. 23-CI-003349, a consolidated class action arising from a data breach. Most recently, in *Lurry v. Pharmerica Corporation*, 3:23-cv-00297-RGJ (W.D. Ky., Oct. 16, 2023), Mr. Stranch was appointed Interim Lead Counsel of a consolidated data breach action, arising from a March 2023 data breach involving more than 5.8 million individuals, approximately. In being

Tennessee litigation and resulted in recovering over $230 million in settlements. Mr. Stranch was appointed to the executive committee of *Dahl v. Bain Capital Partners* (No. 07–12388–EFH, D. Mass.) a case that resulted in a $590.5 million settlement.

appointed, Mr. Stranch and SJG were specifically noted to have the necessary resources to serve as lead counsel, as having "[a] larger pools of attorneys with relevant experience." Dkt. No. 31 at pg. 3.

In addition to his work managing and running complex litigation, Mr. Stranch is a frequent lecturer on class action and trial matters.  Mr. Stranch has also taught as an adjunct at Vanderbilt Law School on the practice of civil litigation.

### 5.  *Proposed Liaison Counsel Don Springmeyer, Kemp Jones (Résumé Ex. J)*

Mr. Springmeyer is Of Counsel at Kemp Jones, LLP. He is a fourth generation Nevadan with a heritage in our state's legal profession stretching back to his grandfather, George Springmeyer, who served as the United States Attorney for Nevada from 1922 to 1926.  Springmeyer has devoted his 38-year career to fighting on behalf of consumers and injured persons against powerful big money interests. He was recognized as the first Trial Lawyer of the Year in 1997 by the Nevada Trial Lawyers Association for his pioneering work in Nevada in price-fixing class actions. He also received a National Pro Bono Service award from Primerus Law Firms for his pro bono work representing breast cancer victims fighting for insurance coverage for their treatments.

His accolades and awards continue to the present day, with perennial naming to multiple 'best of' groups including trial attorneys, top 10% attorneys, and class action attorneys; most recently Don was recognized in the 30th edition of The Best Lawyers in America® for his expertise in Mass Tort Litigation / Class Actions - Plaintiffs. He has been AV® Pre-eminent Peer Review Rated through Martindale-Hubble for well over 25 years.

He is held in high regard by Nevada's judiciary. Recently, the Nevada Supreme Court appointed Mr. Springmeyer to the Nevada Rules of Appellate Procedure Committee, tasked to review and make recommendations to the Court on whether to update and how to revise the NRAP; this appointment followed his earlier appointment to, and work on, the Nevada Rules of Civil Procedure Committee, including a chairmanship of the Subcommittee on Class Actions and Rule 23.

Mr. Springmeyer has been appointed as lead or co-class counsel in numerous matters in state and federal courts, including one well-known to this Court: *Cardoza v. Bloomin' Brands, Inc.,* 2:13-cv-01820-JAD-NJK. His experience as a liaison counsel began decades ago with his appointment as Nevada State Liaison Counsel for *In re Silicone Gel Breast Implants Products Liability Litigation*, 2:92-cv-10000-RDP (N.D. Ala.). More recently he was appointed by Judge Boulware as Interim Liaison Counsel for the proposed class of fighters in the UFC price-fixing anti-trust class action, *Le v. Zuffa, LLC,* 2:15-cv-01045-RFB-BNW (D. Nev.). Most recently, he was appointed Liaison Counsel for the *In Re Wynn Resorts, Ltd. Derivative Litigation* class action, Lead Case No. A-18-769630-B (Nev. 8th Jud. Dist., Dept. No. XVI). He is well-versed in the duties and obligations of liaison counsel for complex litigation which includes a bevy of plaintiff firms and their clients.

### C.    Proposed Counsel have the Necessary Resources to Devote to the Litigation

Proposed Counsel have ample resources to prosecute this litigation, from discovery through motion practice, trial, and appeals. *See* Duke Guidelines at 39 (Best Practice 3C(iii): stating in part that applicants should "provide information about the resources they have available to contribute to the litigation"). Importantly, as with experience, the proposed leadership group's resources far eclipse those of any of the other firms who may seek leadership in this litigation.

Proposed Counsel include several lawyers at law firms that are widely acknowledged as the preeminent and most successful class action law firms in the world.  Their resources, including well over 1,000 lawyers and dozens of offices around the globe, are unmatched by any potential competitors.  Collectively, they have litigated against the largest companies in the world, recovered tens of billions of dollars for their clients in trials and settlements, and courts have appointed the firm's attorneys to leadership positions in hundreds of cutting-edge class actions. These cases often involved extensive discovery and well-heeled defense counsel. Just as in those cases, Proposed Counsel will devote the necessary financial resources to this case.

Even before the litigation was commenced, Proposed Counsel began independent

22

investigations outside formal discovery to develop an understanding of the vulnerability which led to the breach and the development of evidence to support liability. Their investigations were aided by former FBI agents who specialized in cybercrimes during their time with the Bureau. They have also engaged experts who have extensive experience in many other data breach cases, for both liability and damages.

### E.   Other Factors Support the Appointment of the proposed leadership group.

As noted above, Proposed Counsel have extensive experience litigating class actions, particularly in data breach cases such as this one.

In addition to their extensive skills and experience, the proposed leadership group reflects the diversity of the bar and the putative class. *See* Duke Guidelines at 38 (Best Practice 3C) (noting that leadership appointments should "responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds"). Finally, the proposed leadership group has significant experience monitoring billing, controlling costs, and avoiding duplication of effort in assigning and undertaking case-related work. Attached as **Ex. K** is a proposed Time Management and Billing Protocol. Mindful of best practices in complex cases like this one, the proposed leadership group understands the importance of efficient, effective litigation and of keeping the Court informed in the manner best suited to this Court's needs.

The protocol includes:

- A requirement that any work done receive written approval in advance by Class Counsel;
- Monthly submittal of time and expenses on an agreed-upon report, certified by counsel;
- Detailed descriptions of work done, kept in increments of 1/10th of an hour; and
- Excluding as common benefit time, any time devoted to seeking lead counsel and general review of filings, orders, transcripts, or emails not directly related to assignments.

At the Court's request, Proposed Counsel will make billing records available quarterly to the Court *in camera* to aid the Court in its oversight of the case and to avoid any surprises at the end of

1    the litigation.

2    **V.    CONCLUSION**

3             If appointed by the Court, Proposed Counsel will be privileged to represent Plaintiffs and the

4    proposed Class. They will draw on their extensive experience litigating data breach class actions of

5    this kind; will commit the necessary time and resources to pursue the matter to its conclusion; will

6    coordinate and cooperate with counsel in the Consolidated Cases to provide focused roles to prosecute

10   the case efficiently; and will at all times meet their fiduciary obligations to the named Plaintiffs, all

11   members of the proposed class, and this Court. For the foregoing reasons, Plaintiffs respectfully

12   request that the Court appoint John A. Yanchunis, Douglas J. McNamara, and Amy Keller as Interim

13   Co-Lead Counsel; Jeff Ostrow (chair), James Pizzirusso, Gerard Stranch, Gary Klinger, Sabita J.

14   Soneji, and Linda Nussbaum as Interim Plaintiffs' Steering Committee; and Don Springmeyer as

15   Interim Liaison Counsel.

16            DATED this 15th day of November, 2023.

17                                                     Respectfully submitted,

18                                                     **KEMP JONES, LLP**

19                                                     _/s/ Don Springmeyer_
20                                                     Don Springmeyer, Esq. (NBN 1021)
                                                       3800 Howard Hughes Pkwy, 17th Floor
21                                                     Las Vegas, Nevada 89169
                                                       *Counsel for Plaintiff*

22                                                     John A. Yanchunis (*Pro Hac Vice*)
                                                       **MORGAN & MORGAN**
23                                                     **COMPLEX LITIGATION GROUP**
                                                       201 N. Franklin Street, 7th Floor
24                                                     Tampa, Florida 33602
                                                       *Counsel for Plaintiff Miguel Rodriquez*
25
                                                       Douglas J. McNamara (*Pro Hac Vice*)
26                                                     **COHEN MILSTEIN SELLERS & TOLL, PLLC**
                                                       100 New York Ave, 5th Floor
27                                                     Washington, D.C. 20005
                                                       *Counsel for Plaintiff David Lackey, James Martin, and*
28

                                               24

*Patrice M. Perrier*

Amy E. Keller (*Pro Hac Vice forthcoming*)
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
*Counsel for Plaintiff David Lackey James Martin, and*
*Patrice M. Perrier*

J. Gerard Stranch IV* (*Pro Hac Vice forthcoming*)
**STRANCH, JENNINGS & GARVEY, PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
*Counsel for Plaintiffs Alexis Giuffre and Paul Garcia*

James J. Pizzirusso (*Pro Hac Vice*)
**HAUSFELD LLP**
888 16th Street, NW, Suite 300
Washington, D.C. 20006
*Counsel for Plaintiff David Lackey, James Martin, and*
*Patrice M. Perrier*

Linda P. Nussbaum (*Pro Hac Vice forthcoming*)
**NUSSBAUM LAW GROUP, PC**
1133 Avenue of the Americas, 31st Floor
New York, New York, 10036
*Counsel for Plaintiff Todd Katz*

Sabita J. Soneji (*Pro Hac Vice forthcoming*)
**TYCKO & ZAVAREEI LLP**
1970 Broadway, Suite 1070
Oakland, California 94612
*Counsel for Plaintiff Dhaman Gill*

Jeff Ostrow (*Pro Hac Vice forthcoming*)
**KOPELOWITZ OSTROW FERGUSON**
**WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
*Counsel for Plaintiffs Alexis Giuffre and Paul Garcia*

Gary M. Klinger (*Pro Hac Vice forthcoming*)
**MILBERG COLEMAN BRYSON PHILLIPS**
**GROSSMAN PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
*Counsel for Alexis Giuffre*

25

## **<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 15<u>th</u> day of November, 2023, a true and correct copy of **MOTION FOR APPOINTMENT AS INTERIM CLASS COUNSEL** was served via the United States District Court CM/ECF system on all counsel of record who have enrolled in this ECF system.

*  /s/ Pamela McAfee*
An employee of Kemp Jones, LLP