# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

In re: DATA BREACH SECURITY LITIGATION AGAINST CAESARS ENTERTAINMENT, INC.

Case No. 2:23-cv-01447-ART-BNW

**ORDER**

Before the court is Defendant Caesars Entertainment's Motion to Stay Discovery. ECF No. 100. Plaintiffs opposed the motion (ECF No. 104), and Defendant replied (ECF No. 106). The parties are familiar with the arguments. As a result, the Court does not repeat them. Instead, the Court will incorporate the arguments as necessary and relevant to this order.

**I.     Legal Standard**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group,*

*LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion must be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id.* at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found that the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (*i.e.*, the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id.* at * 3–4.

This Court believes a more workable analytical framework exists for determining when motions to stay discovery should be granted. As a result, the test this Court considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly also play a role in the analysis. In some cases, the merits of the dispositive motion may influence the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in

1  discovery and other proceedings while a dispositive motion is pending, or whether it is more just
2  to delay or limit discovery and other proceedings to accomplish the inexpensive determination of
3  the case." *Tradebay*, 278 F.R.D. at 603.
4      "The burden is upon the party seeking the order to 'show good cause' by demonstrating
5  harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057,
6  1063 (9th Cir. 2004).

7  **II.    Analysis**

8      At the outset, this Court notes neither party argues that the pending dispositive motion
9  requires discovery for its resolution. The parties do disagree, nonetheless, as to whether there is
10 good cause (with or without utilizing the "preliminary peek test") to stay discovery.

11     **A.  Preliminary peek**

12     This case illustrates why this test is not a useful tool for determining whether a stay should
13 be granted. Caesars' motion to dismiss focuses, *inter alia*, on whether plaintiffs have standing to
14 bring their claims. Resolving that specific issue requires determining whether *TransUnion LLC v.*
15 *Ramirez*, 594 U.S. 413 (2021) overruled decisions such as *In re Zappos.com, Inc.*, 888 F.3d 1020
16 (9th Cir. 2018) and *Krottner v. Starbucks Corp.*, 628 F.3d 1139 (9th Cir. 2010), or whether
17 *TransUnion* is distinguishable from the present case, thereby allowing plaintiffs to continue
18 relying on those Ninth Circuit cases. It would surely be impossible to "peek" at these arguments
19 and "be convinced" of their outcome.

20     **B.  Good cause**

21     Defendants explain that discovery in large data breach cases such as this one is a
22 notoriously complex and expensive undertaking. In particular, it explains Plaintiffs have indicated
23 they intend to propound discovery on all aspects of Caesars' data security practices (which
24 according to Caesars will involve "dozens if not hundreds" of individuals across Caesars'
25 organization), any communication regarding the cyber-attack between Caesars and third parties
26 (which will involve extensive privilege review and raise potential privilege disputes given
27 counsel's investigation and response to the attack), and all materials relating to Caesars'
28 investigation into the attack and its response efforts (which could delve into law enforcements'

response). Discovery may also expand into software providers that developed the software used during the attack. They also point out that in a case with a putative class of more than 65 million people, class discovery will be highly time-consuming and burdensome and is expected to exceed a cost of seven figures. This is more than what Plaintiffs refer to as "some inconvenience and expense" and "a speculation that it may be expensive."

Having said that, the Court notes that given the delay in resolving this motion, this Court has been privy to more than the briefs on the motion to dismiss.[1] This Court has been able to review the hearing transcript on that motion—information it typically would not have when deciding these matters and which can also factor into the good cause analysis. After the review of the transcript, the Court is left with a strong impression that the district judge will not find *TransUnion* to govern this case and that Plaintiffs will have standing to pursue the litigation. As to the remaining arguments for dismissal (not discussed much during the hearing), the Court finds it is unlikely that *all* the claims will be dismissed (or, for that matter, dismissed with prejudice). This Court also considers Plaintiff's argument that discovery will largely be the same even is some claims are dismissed.

In sum, while the Court agrees with Defendants that discovery will impose an undue burden, the Court believes Plaintiffs will be able to pursue most (if not all claims)—such that this burden will need to be faced sooner rather than later. In light of this, and under the guidance of Rule 1, it is more just to speed the parties along in discovery. *Tradebay*, 278 F.R.D. at 603. This Court understands that the ruling on the motion to dismiss will be entered very soon. As a courtesy to Defendants, this Court will stay this decision until May 21, 2025, in the event the district court's decision differs from the anticipated ruling and significantly narrows the scope of discovery.

---

[1] The Court apologizes profusely for the delay. The Court understands how important it is to have a decision on these types of issues in a timely manner and the impact it can have on the case.

### III. Conclusion

**IT IS THEREFORE ORDERED** that Defendant's motion to stay discovery (ECF No. 100) is **DENIED**.

DATED this 14th day of May, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE