UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| In re: DATA BREACH SECURITY LITIGATION AGAINST CAESARS ENTERTAINMENT, INC. | Case No. 2:23-cv-01447-ART-BNW<br><br>**ORDER** |

Before this Court is Defendants Coforge Ltd. and Coforge Inc.'s (Coforge) Motion to Stay Discovery. ECF No. 138. Plaintiffs opposed the motion (ECF No. 158), and Coforge replied (ECF No. 158). The parties are familiar with the arguments. As a result, this Court does not repeat them. Instead, it will incorporate the arguments as necessary and relevant to this order.

**I.      Legal Standard**

The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery because a potentially dispositive motion is pending. *Skellerup Indus. Ltd. v. City of L.A.*, 163 F.R.D. 598, 600–01 (C.D. Cal. 1995). A court may, however, stay discovery under Fed. R. Civ. P. 26(c). The standard for staying discovery under Rule 26(c) is good cause.

The Ninth Circuit has not provided a rule or test that district courts must apply to determine if good cause exists to stay discovery. But it has identified one scenario in which a district court may stay discovery and one scenario in which a district court may not stay discovery. The Ninth Circuit has held that a district court may stay discovery when it is convinced that the plaintiff will be unable to state a claim upon which relief can be granted. *See Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981). The Ninth Circuit also has held that a district court may not stay discovery when discovery is needed to litigate the dispositive motion. *Alaska Cargo Transp., Inc. v. Alaska R.R. Corp.*, 5 F.3d 378, 383 (9th Cir. 1993).

Based on this Ninth Circuit law, district courts in the District of Nevada have applied the preliminary peek test to determine when discovery may be stayed. *See, e.g., Kor Media Group, LLC v. Green*, 294 F.R.D. 579 (D. Nev. 2013). Under that test, the moving party must meet the

following three requirements before the court will stay discovery pending a motion to dismiss: (1) the pending motion must be potentially dispositive; (2) the potentially dispositive motion be capable of resolution without additional discovery; and (3) after taking a "preliminary peek" at the merits of the potentially dispositive motion, the court must be convinced that the plaintiff will be unable to state a claim for relief. *Id*. at 581. The point of the preliminary peek test is to "evaluate the propriety of an order staying or limiting discovery with the goal of accomplishing the objectives of [Federal] Rule [of Civil Procedure] 1." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 603 (D. Nev. 2011). This Court has found the preliminary peek test can sometimes be problematic because it can be inaccurate and inefficient. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-CV-02159-JCM-BNW, 2021 WL 4810324, at *3 (D. Nev. Oct. 14, 2021). Importantly, the application of the preliminary peek test as written (i.e., the Court must be *convinced* after a superficial look at the dispositive motion that the plaintiff cannot state a claim), inevitably leads to few motions to stay discovery being granted, and those are typically baseless cases. *Id*. at * 3-4.

The Court believes a more workable analytical framework exists for determining when motions to stay should be granted. As a result, the test this Court considers (1) whether the dispositive motion can be decided without further discovery, and (2) whether good cause exists to stay discovery.

Good cause may be established using the preliminary peek test, but it may also be established by other factors not related to the merits of the dispositive motion. For example, in many cases, the movant seeks a stay of discovery to prevent "undue burden or expense." *See* Fed. R. Civ. P. 26(c)(1). In those cases, the movant must establish what undue burden or expense will result from discovery proceeding when a dispositive motion is pending. While good cause may be established based on such non-merits-based considerations, the merits of the case may certainly also play a role in the analysis. In some cases, the merits of the dispositive motion may influence the decision even if the court is not "convinced" after taking a peek. Ultimately, guided by Fed. R. Civ. P. 1, the Court is trying to determine "whether it is more just to speed the parties along in discovery and other proceedings while a dispositive motion is pending, or whether it is more just

to delay or limit discovery and other proceedings to accomplish the inexpensive determination of the case." *Tradebay*, 278 F.R.D. at 603.

"The burden is upon the party seeking the order to 'show good cause' by demonstrating harm or prejudice that will result from the discovery." *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004).

## II. Analysis

At the outset, this Court notes both parties agree that Coforge's motion to dismiss is potentially dispositive and that it does not require discovery for its resolution. The parties do disagree, nonetheless, as to whether there is good cause to stay discovery.

### A. Preliminary peek

As explained above, it is impossible to take a "peek" at the arguments made in Coforge's motion to dismiss and be "convinced" of its outcome. Here, in light of the parties' extensive (and in some instances, novel) arguments, this Court does not opine as to its outcome.

### B. Good cause

Based on the August 2023 cyberattack targeting Caesars, plaintiffs filed a putative class action against Coforge asserting they have been negligent and violated the consumer protection laws of four different states.[1] At the time of this order, plaintiffs have propounded forty requests for production of documents ranging from Coforge's corporate governance to Caesars' oversight over their services vis a vis the cyberattack. Of note, Coforge Ltd. is based in India. As discovery progresses, the Coforge Defendants explain that there may be need to depose individuals from India and that it will need to retain experts on matters regarding cyber security. Thus, as in the majority of data breach class actions, discovery in this case will be costly.[2]

Having said that, it is true that even if Coforge's motion to dismiss is granted, they will still need to respond to plaintiffs' Rule 45 subpoena.[3] And, as the parties recognize, the subpoena

---

[1] This case has been consolidated with plaintiffs' claims against Defendant Caesars.

[2] A detailed accounting of discovery costs is not required for the Court to find good cause. In many cases, the showing may be made through reference to the type of action, the breadth of discovery sought, and case-specific indicators that the costs are likely to be substantial.

[3] It is not clear when Coforge's motion to dismiss will be decided. It is entirely possible for expert costs to come into play before that motion is decided.

and the document requests are substantially the same. Thus, a stay of discovery will not relieve the Coforge Defendants of the need (or cost) of complying with plaintiffs' document requests.[4] Accordingly, this Court will take a bifurcated approach to discovery. It will order the Coforge Defendants to respond to the requests for production but will stay any other discovery (including depositions and expert discovery) until the motion to dismiss is decided.[5]

Under the guidance of Rule 1, it is more just to bifurcate and partially stay discovery pending the resolution of Coforge's motion to dismiss. *Tradebay*, 278 F.R.D. at 603. This bifurcation will also allay any prejudice to plaintiffs as they will be able to immediately obtain requested documents they believe are not obtainable from Caesars, and, in turn, obtain discovery they believe bears on the injunctive relief sought. While it is true that bifurcation may get the parties "out of pace on discovery exchanges," the resolution above is one that best comports with Rule 1 and for which Coforge has shown good cause. ECF No. 149 at 7.

### III. Conclusion

**IT IS THEREFORE ORDERED** that the Coforge Defendants' motion to stay discovery (ECF No.138) is **GRANTED in part and DENIED in part**.

DATED this 14th day of October, 2025.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

---

[4] This Court acknowledges that the scope under Rule 45 may be more limited than under Rule 34.

[5] Of note, at the August 11, 2025, hearing, this court ordered (1) Coforge to respond/object to the request for production by August 22, 2025, (2) the parties to meet and confer over any objections by August 29, 2025, and (3) plaintiffs to file any motion to compel by October 6, 2025, over any unresolved issues. ECF 153 at 21. No motion has been filed. More to the point, this Court assumes that Coforge is already gathering and producing the responsive documents. This further supports the issuance of only a partial stay of discovery.