John A. Yanchunis (*Pro Hac Vice*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@forthepeople.com

Douglas J. McNamara (*Pro Hac Vice*)
**COHEN MILSTEIN SELLERS**
**& TOLL, PLLC**
100 New York Ave, Suite 800
Washington, D.C. 20005
(202) 408-4600
dmcnamara@cohenmilstein.com

Amy Keller (*Pro Hac Vice)*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

*Co-Lead Interim Class Counsel*

Adam Hosmer-Henner (NSBN 12779)
Chelsea Latino (NSBN 14227)
Jane Susskind (NSBN 15099)
**McDONALD CARANO LLP**
100 West Liberty Street, Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com

**LATHAM & WATKINS LLP**
Serrin Turner (*pro hac vice*)
serrin.turner@lw.com
1271 Avenue of the Americas
New York, New York 10022-4834
Telephone:  +1.212.906.1200

*Attorneys for Defendant*
*Caesars Entertainment, Inc.*

*(Additional Counsel Listed on Signature Page)*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re: DATA BREACH SECURITY LITIGATION AGAINST CAESARS ENTERTAINMENT, INC.<br><br>This Document Relates To: All Actions | Master File No. 2:23-cv-01447-ART-BNW<br><br>**STIPULATED AND [PROPOSED] ORDER REGARDING FEDERAL RULE OF EVIDENCE 502(D)** |

Plaintiffs Dhaman Gill, April Elvidge, Monica Blair-Smith, Carey Hylton, Charles Popp, Crystal Brewster, Cynthia Rubner, David Lackey, Isaac Dwek, John Gedwill, Laura McNichols, Thomas McNichols, Mark Huddleston, Miguel Rodriguez, Todd Katz, Virginia Stacy, William Rubner, and Edward Cherveny ("Plaintiffs"), and Defendants Caesars Entertainment, Inc. ("Caesars"), Coforge Inc. and Coforge Ltd. (collectively "Coforge" and together with Plaintiffs and Caesars the "Parties"), by and through their undersigned counsel, stipulate to, and request that the Court enter an order approving the terms of this Stipulated and [Proposed] Order Regarding Federal Rule of Evidence 502(d).

1.      **PURPOSE**

This Order is entered pursuant to  Federal Rule of Evidence 502(d).  Subject to the provisions of this Order, if a party producing documents and/or electronically stored information (as those terms are defined in Federal Rule of Civil Procedure 34) (a "Producing Party") discloses information in connection with the pending litigation that the Producing Party claims, after making the disclosure, is protected by the attorney-client privilege, the attorney work-product doctrine, the common-interest privilege, or any other applicable privilege or protection against disclosure (hereinafter "Protected Information"), the Producing Party's disclosure of that Protected Information will not constitute or be deemed a waiver or a forfeiture—in this or any other action— of any claim of privilege or protection against disclosure that the Producing Party would otherwise be entitled to assert.

This Order, therefore, protects *any* disclosure of Protected Information, whether that disclosure is inadvertent or otherwise. This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Rule 502(d). The provisions of Rule 502(b)(2) shall not apply to the production of any Protected Information under this Order. However, if for any reason, a Court finds that this prohibition against the application of Rule 502(b)(2) is inapplicable to any Protected Information, then Rule 502(b) will apply in full. Nothing requires the production of Protected Information, and no Party is required to undertake a "quick peek" process under Fed. R. Civ. P. 26(b)(5).

2.    **CLAWBACK AGREEMENT**

If a Producing Party discovers that it produced Protected Information, it shall provide written notice of the claim of privilege or protection (a "Clawback Notice") to the receiving party (the "Receiving Party") sufficiently identifying the Protected Information within a reasonable time (i.e., providing the bates stamp number range).

As soon as practicable after providing the Clawback Notice, the Producing Party shall provide (i) if only a portion of the document contains privileged or protected material, a new copy of the document utilizing the same bates number(s) as the original that has been redacted to protect the privilege or protected material; or (ii) if the entire document is privileged or protected, a slip sheet identifying the same bates number(s) as the original noting that the document has been withheld. Any Protected Information that is the subject of a Clawback Notice will be included on a privilege log if and as required by the privilege-logging procedures agreed to by the Parties or ordered by the Court.

3.    **PROCEDURES FOLLOWING CLAWBACK NOTICE**

(a)    Within 10 days of receipt of a Clawback Notice (regardless of whether the Receiving Party agrees with or plans to challenge the Producing Party's claim of privilege or protection), the Receiving Party must promptly return and/or destroy the Protected Information, all copies thereof, and any notes that reproduce, copy, or otherwise disclose the substance of the Protected Information.  The Receiving Party must also certify to the Producing Party when this return and/or destruction is complete. If the Receiving Party disclosed the privileged or work product-protected information before receiving a Clawback Notice, it shall take reasonable steps to retrieve, delete and/or destroy, and prevent further use or distribution of such information. This duty expires if the Court rules that the Protected Information is not privileged or protected by the work product doctrine.

(b)    If a Receiving Party challenges a claim that Protected Information specified in a Clawback Notice is privileged or protected, the Receiving Party shall notify the Producing Party of its challenge within 10 days of receiving the Clawback Notice.

(c)    Within 10 days of the Producing Party receiving notification of the challenge, the Parties shall meet and confer in an effort to resolve their disagreement. If the Parties are unable to resolve their disagreement, either party may submit the issue to the Court for a determination.  In the event the disagreement will be submitted to the Court for a determination, the Receiving Party is not obligated to delete, destroy, or return the document, and may submit the document to the Court.

(d)    The Receiving Party must not use or disclose the Protected Information covered by the Clawback Notice to any other individuals from the Receiving Party during the time in which the Receiving Party is challenging the Protected Information.

4.    **PROCEDURE UPON DISCOVERY BY A RECEIVING PARTY OF PRODUCED PROTECTED INFORMATION**

In the event that a Receiving Party discovers that it has received or examined document(s) that are or may be subject to a claim of privilege or protection, the Receiving Party promptly shall (i) sequester the document(s), and (ii) within seven days of such discovery, notify the Producing Party by identifying the bates range(s) of the documents the Receiving Party believes are or may be privileged or protected, and were or may have been produced or disclosed (a "Production Notice").  Upon the Producing Party receiving a Production Notice, if the Producing Party determines that the subject documents are privileged or protected, the Receiving Party shall immediately destroy or return the Protected Information and the Producing Party shall promptly provide any replacement images as described in Section 2 above.

5.    **PROHIBITION ON USE OF PRIVILEGED INFORMATION**

To the extent any Party is aware that it has received Protected Information, has received a Clawback Notice, or it is reasonably apparent that the Party has received Protected Information through production, disclosure, or communications, such Protected Information may not be submitted to the Court, presented for admission into evidence, or sought in discovery in this proceeding or in any other proceeding or action.  Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing material that the attorney knows or

reasonably should know to be privileged and to inform the Producing Party that such materials have been produced.

### 6. STIPULATED TIME PERIODS

The Parties may stipulate to extend the time periods set forth in this Order.

### 7. VOLUNTARY AND SUBJECT MATTER WAIVER

This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection, as to a specific document or issue. The provisions of Rule 502(a) apply when the Producing Party uses or indicates it may use information produced under this Order to support a claim or defense.

DATED this 13th day of April, 2026.

Respectfully submitted,

By: */s/ John A. Yanchunis*_____
John A. Yanchunis (*Pro Hac Vice*)
**MORGAN & MORGAN**
**COMPLEX LITIGATION GROUP**
201 N. Franklin Street, 7th Floor
Tampa, Florida 33602
(813) 223-5505
jyanchunis@forthepeople.com

Douglas J. McNamara (*Pro Hac Vice*)
**COHEN MILSTEIN SELLERS**
**& TOLL, PLLC**
100 New York Ave, Suite 800
Washington, D.C. 20005
(202) 408-4600
dmcnamara@cohenmilstein.com

Amy Keller (*Pro Hac Vice)*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
(312) 214-7900
akeller@dicellolevitt.com

*Co-Lead Interim Class Counsel*

Michael Gayan
**CLAGGETT & SYKES LAW FIRM**
4101 Meadows Lane #100
Las Vegas, Nevada 89107
(702) 655-2346

mike@claggettlaw.com

*Liaison Counsel for Plaintiffs*

Jeff Ostrow (*Pro Hac Vice*)
KOPELOWITZ OSTROW, P.A.
One West Las Olas Blvd., Suite  500
Fort Lauderdale, Florida 33301
(954) 525-4100
ostrow@kolawyers.com

*Plaintiff's Steering Committee Chair*

-and-

By:  /s/ Serrin Turner
Serrin Turner (*pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10022-4834
Telephone: +1.212.906.1200
serrin.turner@lw.com


Bradley M. Baglien (*pro hac vice* forthcoming)
**LATHAM & WATKINS LLP**
555 Eleventh Street NW
Washington, D.C. 20004
Telephone: +1.202-637-2200
brad.baglien@lw.com

Adam Hosmer-Henner (NSBN 12779)
Chelsea Latino (NSBN 14227)
Jane Susskind (NSBN 15099)
**McDONALD CARANO LLP**
100 West Liberty St., Tenth Floor
Reno, Nevada 89501
(775) 788-2000
ahosmerhenner@mcdonaldcarano.com
clatino@mcdonaldcarano.com
jsusskind@mcdonaldcarano.com


*Attorneys for Defendant*
*Caesars Entertainment, Inc.*

-and-

By:  /s/ W. West Allen
W. West Allen, Esq.
Nevada Bar No. 5566
Jonathan W. Fountain, Esq.
Nevada Bar No. 10351

6

HOWARD & HOWARD ATTORNEYS PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169

Michael Schaper, Esq. (admitted *pro hac vice*)
Erez Liebermann, Esq. (admitted *pro hac vice*)
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, New York 10001

*Attorneys for Defendants Coforge, Ltd., and Coforge, Inc.*

**IT IS SO ORDERED:**

_____
Brenda K. Weksler
United States Magistrate Judge

Dated:   April 14, 2026